IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Michelle Willhoit, | ) |
| | ) |
|    Individually, and as the representative | ) |
|    of a class of similarly situated persons, | ) |
| | ) |
|    v. | ) |
| | ) |
| SunTrust Mortgage, Inc. | ) |
| | ) |
|    Defendant. | ) |

## CLASS ACTION COMPLAINT

NOW COMES Plaintiff, Michelle Willhoit, by and through her attorneys, Mark A. Laws and Stephen J. Schlegel Ltd., and brings this action on behalf of herself and all other persons similarly situated against Defendant SunTrust Mortgage, Inc. ("SunTrust"), for various violations of the Servicemembers Civil Relief Act, 50 U.S.C. § 501 et. seq. ("SCRA"). In support thereof, Plaintiff states as follows:

### INTRODUCTION

1. The SCRA was enacted "to provide for, strengthen, and expedite the national defense through protection… of servicemembers… to enable such persons to devote their entire energy to the defense needs of the Nation…" 50 U.S.C. App. § 502(1) and to "provide for the temporary suspension of judicial and administrative proceedings and transactions that may adversely affect the civil rights of service members during their military service." 50 U.S.C. App. §502(2).

2. The SCRA empowers the courts to stay the sale, foreclosure, or seizure of a servicemember's home or other property by a lender, mortgage holder, or a party that services mortgages. 50 U.S.C. App. §533(b).

3. SCRA's protections include a requirement that a foreclosure or sale of active duty servicemembers' home mortgages may be made only with an order issued upon notice by a court prior to the sale. 50 U.S.C. App. §533(c).

4. The court, before entering judgment for the Plaintiff, requires the plaintiff to file an affidavit stating whether or not the defendant is in military service and showing the necessary facts to support the affidavit. 50 U.S.C. App. §521(b). Moreover, an intentional violation of this provision is made a crime punishable by fine or imprisonment. 50 U.S.C. App. §533(d)

5. Section 533 of the SCRA does not require the servicemember to provide notice of active duty status to the mortgagee. Instead, the onus is on the party wishing to foreclose on the property to determine whether the borrower is a servicemember in "military service."

6. 50 U.S.C. App. §597(a) provides that "any person" aggrieved by a violation of the SCRA may recover in a civil action "appropriate equitable or declaratory relief, "all other appropriate relief, including monetary damages," and "costs of the action, including a reasonable attorney fee."

## JURISDICTION AND VENUE

7. The claims asserted herein arise under the Servicemembers Civil Relief Act, 50 U.S.C. App. § 501 et. seq.

8. This Court has subject matter jurisdiction of Count I pursuant to 28 U.S.C. § 1331 because the claims arise under the laws of the United States, and of Count II under 28 U.S.C. §

1367(a) because it is so related to Count I that it forms part of the same case or controversy under Article III of the United States Constitution.

9. Defendant SunTrust conducts business in Illinois, has entered into contracts to be performed in whole or in part in Illinois and is subject to personal jurisdiction in Illinois under the State's Long- Arm-Statute, 735 ILCS 5/2-209.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) as many of the acts and transactions forming the basis of the claims in this action occurred in substantial part in this District and SunTrust is a corporate entity, which is subject to personal jurisdiction in this District.

## **PARTIES**

11. At all times herein relevant, Plaintiff Willhoit, a Sergeant in the United States Army, was a resident of Illinois and owned property located in Illinois. Plaintiff is currently a resident of North Carolina.

12. SunTrust is a corporation organized and existing under the laws of the State of Delaware and has its principal place of business in Virginia.

## **FACTS**

13. Pursuant to a written agreement dated March 7, 2008, Sergeant Willhoit entered into a mortgage loan in the amount of $368,000.00 with SunTrust Mortgage, Inc. for refinancing a Property located at 708 North Willow Road, Elmhurst, Illinois, 60126 (hereinafter the "Property").

14. On August 28, 2008 Sergeant Willhoit was ordered to active duty for the United States Army.

3

15. On August 14, 2009, SunTrust filed a complaint for foreclosure naming Sergeant Willhoit as a defendant in DuPage County, Illinois: case number 2009 CH 03430 (the "Foreclosure Case").

16. Between August 21, 2009 and August 25, 2009 Plaintiff attempted to serve Sergeant Willhoit at four separate addresses.

17. On August 22, 2009 Plaintiff attempted to serve Sergeant Willhoit at her parents' house – 348 East Van Buren Street, Elmhurst, Illinois 60126 (the "Parents' property"). In the accompanying Affidavit of Special Process Server, the special process server stated: "The defendant could not be served at this address. The defendant does not reside at this property, this is a family member's house. Per Tom Willhoit, defendant is his daughter and she is in the military serving in Afghanistan."

18. On November 4, 2009, Sergeant Willhoit was released from active duty.

19. Upon her return from deployment, Sergeant Willhoit returned to the property and was unable to gain entrance.

20. On November 9, 2009 Plaintiff filed a motion for an order of default, judgment of foreclosure and sale, and appointment of sheriff or foreclosure sale officer. The notice of motion was sent to three of the addresses where Plaintiff unsuccessfully attempted to serve Sergeant Willhoit. Plaintiff did not send notice to the Parents' property – the address where the special process server had been told by Sergeant Willhoit's father that she was serving in the military in Afghanistan.

21. On January 26, 2010 a default judgment of foreclosure and sale was entered against Sergeant Willhoit.

22. Entry of this default order was based partly on an affidavit, signed on January 25, 2010 by Elliot Halsey, an attorney for SunTrust.

23. The affidavit signed by Mr. Halsey stated that, upon verification from the Department of Defense, Mr. Halsey had determined that Sergeant Willhoit was not in active military service.

24. This affidavit was factually incorrect and made with reckless disregard of the truth. In fact, the affidavit's attached verification from the Department of Defense stated that Sergeant Willhoit was in the army and was on duty from August 28, 2008 until November 4, 2009.

25. SunTrust caused a sheriff's sale of the property to be held on May 11, 2010. At the sheriff's sale the property was sold to a third party bidder, Greenscape Homes, LLC

26. On May 21, 2010 Sergeant Willhoit sent an e mail to Plaintiff's attorney, Elliot Halsey, with her orders of deployment. Attorney Halsey responds to Sergeant Willhoit telling her that on June 21, 2010 he will enter and continue Plaintiff's motion to approve the sheriff's sale.

27. On June 21, 2010, instead of continuing the motion, SunTrust caused the trial court to issue an Order Approving Report of Sale and Distribution and Order for Possession and Deed ("OAS").

28. On August 14, 2010, the trial court vacated the June 21, 2010 OAS because "Plaintiff was unaware that the Borrower was on active duty in the army until November 4, 2009," and "the Judgment of Foreclosure entered January 26, 2010 must be vacated as it was barred by the SCRA."

29. SunTrust has prevented Sergeant Willhoit from accessing the property from the time of her return from active duty up through and including the present.

30. As a result of SunTrust's actions, Sergeant Willhoit lost the use and occupancy of the Property, as well as any equity she had built up in the property, and she lost various personal items that were stored at the Property while she was in active military service.

31. Due to SunTrust's actions, Sergeant Willhoit incurred significant unwarranted damage to her credit rating, which adversely impacted her ability to obtain replacement housing, and caused her to suffer significant emotional distress.

32. The actions of SunTrust are in direct violation of the SCRA.

## CLASS ACTION ALLEGATIONS

33. Plaintiff re-alleges each and every allegation set forth above as if repeated verbatim herein.

34. In accordance with Fed. R. Civ. P. 23, Plaintiff brings this action pursuant to the SCRA on behalf of the following Class:

   All servicemembers with mortgages originated before the period of the servicemember's military service who, within the statute of limitations as extended or tolled by any period of military service:

   (1) Were on active duty military service, as defined in 50 U.S.C. App § 511(2), or had the protections of SCRA under §516, or were within the grace period under § 533; and
   (2) Whose property was foreclosed or sold by, or on behalf of, Defendant without a prior court order as required by 50 U.S.C. App. § 533, or with a court order that was not based on a correct affidavit regarding military service status ("the Class").

   The Class does not include servicemembers who executed a valid written waiver of the rights and protections provided under SCRA.

35. This class action satisfies the requirements of Fed. R. Civ. P. 23, including, but not limited to, numerosity, commonality, typicality, adequacy, and predominance.

36. **Numerosity:** Pursuant to the numerosity requirement of Fed. R. Civ. P. 23(a)(1), the proposed class is "so numerous that joinder of all members is impracticable." During the relevant time period herein, there were nearly 1.5 million active-duty servicemembers in the

United States.[1]   SunTrust is the eighth largest servicer of residential mortgages in the United States and services a portfolio of more than 950,000 residential mortgage loans.  From January 1, 2009 to December 31, 2010, SunTrust initiated 41,543 foreclosure actions.  More detailed information on the Class can be ascertained through the review of account records maintained by SunTrust, publicly available records, and appropriate discovery.  Given the sheer volume of the figures involved, the amount of potential class members is over 40, and more likely in the hundreds or thousands.  Also, given the geographical dispersion of the class members, joinder would be impracticable if not impossible.

37. **Commonality and Predominance:** Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting solely individual class members.  Such questions include:

   a. Whether SunTrust has in the past and continues to improperly foreclose on the mortgages of active duty servicemembers, including those foreclosed upon following their completion of active duty;

   b. Whether the agents of Defendant regularly executed factually incorrect affidavits in support of foreclosures concerning military status without personal knowledge thereof or with reckless disregard of the truth or falsity thereof.

38. **Typicality:** Plaintiff's claims are typical of the claims of all class members.  Plaintiff is making the same claims and seeking the same relief for her and all class members based on

---

[1] *See Demographics 2010: Profile of the Military Community*, United States Department of Defense, http://tinyurl.com/8tqoakx  accessed October 2, 2012.

the same federal statute. Defendants have acted in the same or in a similar manner with respect to Plaintiff and all the class members.

39. **Adequacy:** In accordance with Fed. R. Civ. P. 23(a)(4), Plaintiff "will fairly and adequately protect the interests of the class." Plaintiff has no adverse or conflicting interests to the proposed class members. She has retained counsel competent and experienced in complex civil class litigation, who possess all necessary resources to adequately and vigorously litigate this class action.

40. **Need for Consistent Standards and Practical Effect of Adjudication:** In accordance with Fed. R. Civ. P. 23(b)(1), class certification is appropriate because the prosecution of individual actions by class members would: (a) create the risk of inconsistent adjudications that could establish incompatible standards of conduct for Defendants, and/or (b) as a practical matter, adjudication of Plaintiff's claims will be dispositive of the interests of class members who are not parties.

41. **Common Conduct:** In accordance with Fed. R. Civ. P. 23(b)(2), class certification is also appropriate because Defendants have acted and refused to act in the same or similar manner with respect to all class members, thereby making injunctive and declaratory relief appropriate. Plaintiff demands such relief as authorized by SCRA.

42. **Superiority:** In accordance with Fed. R. Civ. P. 23(b)(3), a class action is superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all members is impractical. Prosecution of separate claims by individuals runs the inherent risk of varying and inconsistent adjudications, which could lead to the establishment of conflicting standards of conduct for SunTrust. A class action is superior because it will lead to the orderly and expeditious administration of claims, and it will foster economies of

time, effort, and expense. Here, the expense and burden of individual litigation makes it impossible and impractical for members of the class to individually redress the wrongs done to them. This is more apparent in the instant matter because class members are servicemembers, many of whom may still be on active duty, and their energies may be devoted to serving our country rather than litigating individual cases against SunTrust. Plaintiff knows of no difficulty that would make a class action in this case unmanageable.

## COUNT I – VIOLATION OF SCRA

43. Plaintiff re-alleges each and every allegation set forth above as if repeated verbatim herein.

44. Sergeant Willhoit was on active duty in the United States Army from August 28, 2008 until November 4, 2009. SunTrust obtained a default judgment of foreclosure, a sale, and a seizure of property – all without proper notice and based upon an incorrect affidavit – within 9 months after the period of Sergeant Willhoit's military service in violation of 50 U.S.C. §533(c).

45. SunTrust obtained the default judgment of foreclosure and sale by submitting a false affidavit to the trial court; in violation of 50 U.S.C. app. § 521(b).

46. As described and alleged *supra,* the acts and/or omissions of SunTrust are in violation of SCRA, therefore entitling the Plaintiff and members of the class, pursuant to 50 U.S.C. App. § 597a, to appropriate declaratory and/or injunctive relief, and to recover monetary damages, punitive damages, other appropriate relief, costs of the action, and attorney's fees.

47. As a result of SunTrust's illegal and improper conduct, Plaintiff and members of the class have lost their homes and their equity therein due to SunTrust's illegal and precipitous foreclosures, incurred additional and unnecessary expense when attempting to redeem or re-

instate their mortgages, suffered unwarranted damage to their credit ratings, and otherwise suffered severe economic hardship and emotional distress.

48. Plaintiff, as well as members of the class whose mortgages have been foreclosed or are in the process of being foreclosed, are entitled to declaratory relief finding those foreclosures to be null and void, an injunction against further proceedings, and an award of damages.

## COUNT II – CONVERSION

49. Plaintiff re-alleges each and every allegation set forth above as if repeated verbatim herein.

50. SunTrust has taken property belonging to Plaintiff and members of the class without legal right or claim. Such conduct constitutes conversion by SunTrust of Plaintiff's and the class's property.

51. As a result of said conversion, Plaintiff and the class have been deprived of their property and been damaged thereby. SunTrust is liable for such damages including actual and punitive damages, prejudgment interest, costs and attorney's fees.

## RELIEF SOUGHT

**WHEREFORE**, Plaintiff, on behalf of herself and all others similarly situated, respectfully request the following relief from this Court:

1. Certify this case as a class action on behalf of the proposed Class as defined herein;
2. Appoint the named plaintiff as class representative;
3. Appoint the undersigned counsel as counsel for the class;
4. Grant judgment on Count I in favor of the plaintiff and members of the class declaring SunTrust's' foreclosure policies and practices as well as their servicing

practices to be in violation of the SCRA and awarding Plaintiff and the class the damages suffered as a result thereof;

5. Grant judgment on Count II in favor of the plaintiff and members of the class declaring that Defendant has converted their property and awarding them the damages suffered as a result thereof;

6. Enjoin the Defendant from continuing to engage in the above described conduct in the future;

7. Declare the foreclosures accomplished in violation of the SCRA to be null and void and order SunTrust to take all necessary steps to revest title in the plaintiff and members of the class;

8. Award the Plaintiff and the class punitive damages;

9. Award the class prejudgment interest at the applicable rate;

10. Award the class all direct and consequential damages allowed by the law;

11. Award the class all appropriate equitable and injunctive relief;

12. Award the class their reasonable costs and attorney's fees; and

13. Grant any other further relief that the Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

    Plaintiff demands a jury trial in this action for all claims so triable.

Dated: October 17, 2012                                       By: /s/ Eryk A. Folmer

Mark A. Laws                                              Stephen J. Schlegel ARDC #2486903
The Law Offices of Mark A. Laws               Eryk A. Folmer ARDC# 6299786
200 N. LaSalle Street, Suite 770                Stephen J. Schlegel Ltd.
Chicago, IL 60601                                111 W Washington St., Suite 1020
T: (312) 854-7030                                Chicago, IL 60602
F: (312) 268-7304                                (312)346-8385
mark@lawsatlaw.com                        sjschlegel@schlegelltd.com
ARDC # 6300304                                 erykfolmer@schlegelltd.com

ATTORNEYS FOR PLAINTIFF