IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHELLE WILLHOIT, individually, and as the representative of a class of similarly situated persons, | ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 12-cv-8386 |
| Plaintiff, | | |
| v. | | |
| SUNTRUST MORTGAGE, INC., | | |
| Defendant. | | |

## **MEMORANDUM OPINION AND ORDER**

AMY J. ST. EVE, District Court Judge:

Before the Court is Defendant Suntrust Mortgage Inc.'s motion to dismiss Plaintiff's two-count Complaint under Federal Rules of Civil Procedure ("Rule") 12(b)(6). (R. 15, Mot.) For the reasons discussed below, the Court grants Defendant's motion and dismisses Plaintiff's complaint without prejudice.

## **BACKGROUND**

In a written agreement dated March 7, 2008, Michelle Willhoit ("Plaintiff") entered into a mortgage loan with SunTrust Mortgage, Inc. ("Defendant") for property located at 708 North Willow Road, Elmhurst, IL 60126 ("Property"). (R. 1, Compl. ¶ 13.) On August 28, 2008, the United States Army ordered the Plaintiff to active duty. (*Id.* at ¶ 14.) On August 28, 2009, Defendant filed a complaint in Illinois state court for foreclosure, naming Plaintiff as a defendant. (*Id.* at ¶ 15.) Between August 21, 2009 and August 24, 2009, Defendant attempted to serve the foreclosure complaint on Plaintiff at four separate addresses, including her parent's

house. (*Id.* at ¶¶ 16, 17.) On August 22, 2009, Defendant attempted to serve Plaintiff at her parents' house. (*Id.* at ¶ 17). Plaintiff's father informed a process server that she was currently serving in the military in Afghanistan." (*Id.*).

On November 4, 2009, the United States Army released the Plaintiff from active duty. (*Id.* ¶ 18.) Upon returning to the Property, Plaintiff was unable to gain entrance. (*Id.* at ¶19.) On November 9, 2009, Defendant filed a motion for an order of default, judgement of foreclosure and sale, and appointment of sheriff or foreclosure sale officer. (*Id.* at ¶ 20.) Defendant's foreclosure counsel, Elliot Halsey, filed an affidavit, signed on January 25, 2010 stating that upon verification from the Department of Defense, Mr. Halsey had determined that Plaintiff was not in active military service. (*Id.* at ¶ 23.) The state court entered a default judgment of foreclosure and sale against her on January 26, 2010. (*Id.* at ¶ 21-22.) Defendant caused a sheriff's sale of the Property to be held on May 11, 2010 at which a third-party bidder, Greenscape Homes, LLC, purchased the Property. (*Id.* at ¶ 25.) On June 21, 2010, the state court issued an Order Approving Report of Sale and Distribution and Order for Possession and Deed ("OAS"). (*Id.* at ¶ 27.) On August 14, 2010, the state court, upon determining that "[Defendant] was unaware that Borrower [Plaintiff] was on active duty in the army until November 4, 2009, vacated the Order Approving Sale and further vacated the Judgment of Foreclosure." (*Id.* at ¶ 28.)

In Count I of the Complaint, Plaintiff claims that Defendant violated sections of the Servicemembers' Civil Relief Act ("SCRA") 50 U.S.C.A. App. § § 521(b) and 533(c), and asserts that she and members of the class are entitled to relief under 50 U.S.C. § 597(a). (*Id.* at ¶ 44-46). Specifically, Plaintiff alleges that Defendant violated Section 521(b) of the SCRA by "submitting a false affidavit to the trial court." (*Id.* at ¶ 45.) Plaintiff alleges that Defendant

2

violated Section 533(c) by obtaining "a default judgment of foreclosure, a sale, and a seizure of property – all without proper notice and based upon an incorrect affidavit – within 9 months after the period of [Plaintiff's] military service." (*Id.* at ¶ 44.) In Count II, Plaintiff asserts a state law claim of conversion. (*Id.* at ¶ 50-51.) Plaintiff alleges that Defendant has prevented her from accessing the property from the time of her return from duty up to the present and also alleges that Defendant's actions caused her to lose various personal items stored at the Property while she was in military service. (*Id.* at ¶ 29-30.)

## LEGAL STANDARD

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7,* 570 F.3d 811, 820 (7th Cir. 2009). Pursuant to Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). As the Seventh Circuit has explained, this "[r]ule reflects a liberal notice pleading regime, which is intended to 'focus litigation on the merits of a claim' rather than on technicalities[.]" *Brooks v. Ross,* 578 F.3d 574, 580 (7th Cir. 2009) (quoting *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 514, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002)). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). Under the federal notice pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937,

3

1949, 173 L. Ed. 2d 868 (2009) (quoting *Twombly,* 550 U.S. at 570). "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus,* 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L. Ed. 2d 1081 (2007); *McGowan v. Hulick,* 612 F.3d 636, 638 (7th Cir. 2010) (courts accept factual allegations as true and draw all reasonable inferences in plaintiff's favor). In ruling on a Rule 12(b)(6) motion, courts may consider exhibits attached to the pleadings if the complaint refers to the document at issue or if the document is central to the plaintiff's claims. *See Geinosky v. City of Chi.*, 675 F.3d 743, 745 n. 1 (7th Cir. 2012). Fed. R. Civ. P. 10(c).

## ANALYSIS

I. **Count I: SCRA Claims**

Plaintiff alleges violations of both Sections 521(b) and 533(c) of the SCRA. (Compl. at ¶ 44-45.) Plaintiff has failed to state a claim upon which relief may be granted under either section for the following reasons.

   A. **Alleged Violation of Section 521(b)**

Plaintiff alleges that Defendant violated Section 521(b) by obtaining a default judgment of foreclosure and sale based on a false affidavit it submitted to the trial court. (Compl. ¶ 45.) Plaintiff, however, has failed to include allegations of any "false" statement in the affidavit.

Section 521 of the SCRA provides that, in any action in which an individual fails to appear, "before any default judgment" can be entered the plaintiff must file an affidavit "stating whether or not the defendant **is in military service** and showing necessary facts to support the affidavit" or else stating that the plaintiff has been unable to determine whether the defendant is in the military service. 50 U.S.C.App. § 521(b) (emphasis added). The affidavit, which Defendant's foreclosure counsel signed on January 25, 2010, states that Plaintiff "**is not in the**

4

**military service** of the United States." (R.16-1, Def.'s Mem., Ex. A at 1.) (emphasis added). The affidavit included a Military Status Report from the Department of Defense Manpower Data Center which stated that Michelle Willhoit began serving on August 28, 2008 and was no longer on "active duty status," having ended her active duty on November 4, 2009. (*Id*. at 2.) Plaintiff does not provide any allegations contesting these facts. Rather, she admits that she began her active duty in August 2009 and "[o]n November 4, 2009, [] was released from active duty." (Compl. at ¶¶ 16, 18, 24, 28.) Plaintiff's own allegations, therefore, demonstrate that Defendant submitted a true, factually-supported affidavit.

Notably, Plaintiff concedes that Defendant "technical[ly]" complied with Section 521(b), yet argues that Defendant violated the "intent and essence of the SCRA." (R. 24, Resp. at 1, 5.) Specifically, Plaintiff asks the Court to construe the SCRA as protecting servicemembers from having lawsuits commenced while they are serving in the military. (Pl.'s Mem. at 5-6.) The SCRA, however, does not provide any such protection.

First, the stated purpose of the SCRA is "to enable [servicemembers] to devote their entire energy to the defense needs of the Nation" and "to provide for the temporary suspension of judicial and administrative proceedings and transactions that may adversely affect the civil rights of servicemembers during their military service." 50 U.S.C.A. App. § 502. The SCRA does not create a sweeping protection against all lawsuits, but instead seeks to protect the country's devoted military personnel from having to defend themselves in court or facing a default judgment entered during their absence.

Second, although the Court must "liberally construe[] [the SCRA] to protect those who have been obliged to drop their own affairs to take up the burdens of the nation," a liberal construction does not go as far as Plaintiff argues. *Boone v. Lightner*, 319 U.S. 561, 575, 63 S.

Ct. 1223, 87 L. Ed. 1587 (1943). Indeed, Section 521 only requires a plaintiff to submit an affidavit disclosing whether the foreclosure defendant "is in military service" and allows a court to stay the proceedings "in which the defendant is in military service." Under the SCRA "military service" means, in relevant part:

> (A) in the case of a servicemember who is a member of the Army, Navy, Air Force, Marine Corps, or Coast Guard--
>
> (i) active duty, as defined in section 101(d)(1) of title 10, United States Code, and
>
> . . .
>
> (C) any period during which a servicemember is absent from duty on account of sickness, wounds, leave, or other lawful cause.

50 U.S.C.A. App. § 511. Title 10 U.S.C.A. §101 defines "active duty" as:

> full-time duty in the active military service of the United States. Such term includes full-time training duty, annual training duty, and attendance, while in the active military service, at a school designated as a service school by law or by the Secretary of the military department concerned.

50 U.S.C.A. § 101(d)(1). The plain language of the SCRA simply does not reach Plaintiff who, by her own admissions, was not on "full-time duty in the active military" and was not "absent from duty on account of sickness, wounds, leave, or other lawful cause" at the time Defendant submitted the affidavit or the state court entered the judgment of foreclosure. *See e.g., Guerrero v. Guerrero,* 65 So. 3d 737, 743 (La. Ct. App. 2011), writ denied, 73 So. 3d 385 (La. 2011) ("Its provisions are applicable to active service members."). Rather, she had been "released from active duty" many months prior, and therefore, falls outside the scope of Section 521. (Compl. ¶ 18.)

Additionally, Section 521 only requires a plaintiff to file an affidavit "before [a court] enter[s] judgment for the plaintiff." 50 U.S.C.A. App. § 521(b)(1). There is no requirement in

this Section, or any other section of the SCRA, that requires a plaintiff to conduct any sort of investigation of a defendant's military status before commencing a suit, let alone that prevents a plaintiff from commencing suit. *See, e.g., Greco v. Renegades, Inc.*, 307 A.D.2d 711, 761 N.Y.S.2d 426 (N.Y. App. Ct. 2003) ("The Soldiers' and Sailors' Civil Relief Act of 1940[2] (50 USC Appendix § 501 et seq.) and its New York counterpart (Military Law § 300 et seq.) do not prohibit the commencement of an action against a member of the military."); *see also Shipley v. Shipley,* 45 Pa. D. & C. 286, 287 (Com. Pl. 1943) (requiring "proof by an affidavit of the facts filed with the court before he makes a final decree in the matter in all cases in which no appearance has been entered" rather than "requiring affidavits in almost every step in the proceeding."). Indeed, such a requirement would be almost untenable as it would require every single plaintiff to embark on such an investigation before filing suit, rather than only requiring those seeking a default judgment to take this extra step. The Court cannot extend the construction of the SCRA to create new rights. *See, e.g., Conroy v. Aniskoff*, 507 U.S. 511, 514, 113 S. Ct. 1562, 1564-65, 123 L. Ed. 2d 229 (1993) (finding that the "statutory command in § 525 is unambiguous, unequivocal, and unlimited" and that Respondents points did not "justify a departure from the unambiguous statutory text"); *Bowlds v. General Motors Mfg. Div. of General Motors Corp.*, 411 F.3d 808, 812 (7th Cir. 2005) ("However, even though these cases have implored courts to construe certain veterans' statutes liberally, they do not instruct courts to create rights out of whole cloth."); *Jimenez v. Miami-Dade Cty.,* No. 11-23131-Civ., 2013 WL 214673, at *3 (S.D. Fla. Jan. 18, 2013) ("Although the Court must liberally construe the SCRA, extending § 531 to embrace the condemnation proceedings would require judicial legislation,

---

[1] The Servicemembers' Civil Relief Act was previously known as the Soldiers' and Sailors' Civil Relief Act.

which the Court cannot do."); *Newton v. Bank of McKenney*, No. 3:11 C 493-JAG, 2012 WL 1752407, at *6 (E.D. Va. May 16, 2012) (refusing to "rewrite" the SCRA to amend the definition of "servicemember" to include closely-held corporation because "liberal interpretation does not allow the [c]ourt to insert language that does not exist, or to ignore language that does.").

### B. Alleged Violation of Section 533

Plaintiff also argues that Defendant violated Section 533(c) of the SCRA by "obtain[ing] a default judgment of foreclosure, a sale, a seizure of property - all without proper notice and based upon an incorrect affidavit - within 9 months after the period of [Plaintiff's] military service." (Compl. ¶ 44.) As discussed above, Plaintiff has not alleged anything "incorrect" about the affidavit. Plaintiff's Section 533 allegations also fail because the exception under Section 533(c) would apply here. (*See* Def.'s Mem. at 7.) Specifically, under Section 533(c), a "sale, foreclosure or seizure of property . . . shall not be valid if made during, or within 9 months after, the period of the servicemember's military service except (1) upon a court order granted before such sale, foreclosure, or seizure with a return made and approved by the court." 50 U.S.C.A. App. §533(c)(1). In other words, Section 533(c) applies only to non-judicial foreclosures, not to foreclosures obtained via a court order. Plaintiff's own allegations establish that the state court entered a default judgment of foreclosure and sale against Plaintiff on January 26, 2010 and then Greenscape Homes, LLC purchased the Property at a sheriff's sale on May 11, 2010. (Compl. ¶¶ 21, 25).

Plaintiff argues that Section 533(c) applies to judicial foreclosures because "one of the stated purposes of the SCRA is 'to provide for the temporary suspension of *judicial* and administrative proceedings and transactions that may adversely affect the civil rights of servicemembers during their military service.'" (Resp. at 6. (emphasis in original).) As noted

8

by Defendant, however, Section 533(c) does not relate to the "temporary suspension" of any proceeding, but instead invalidates a sale, foreclosure or seizure that occurred in contravention of the statute. (Def.'s Reply. at 4-5.) Moreover, the state court vacated the judgment at issue so there is no sale or foreclosure to invalidate under Section 533(c). (Compl. ¶ 29.) Plaintiff, therefore, has not asserted any claim under the SCRA.

## II. Count II: Conversion

In Count II of the Complaint, Plaintiff alleges a conversion claim under Illinois law. Plaintiff states that the Court may assert supplemental jurisdiction over Count II pursuant to 28 U.S.C. § 1367(a) "because it is so related to Count I that it forms part of the same case or controversy under Article III of the United States Constitution." (Compl. ¶ 8.) The Court, in its discretion, declines to exercise its supplemental jurisdiction over this state law claim because it is dismissing Plaintiff's SCRA claim. *See* 28 U.S.C. § 1367(c)(3). *See e.g. Bilek v. Bank of Am., N.A.,* No. 07 C 4147, 2011 WL 830948, at *7 (N.D. Ill. Mar. 3. 2011) (declining to exercise supplemental jurisdiction over state law claims after dismissing related federal claim); *see also Williams v. U.S. Bank Nat. Ass'n,* 2013 WL 571844 at *6 (C.D. Cal. Feb. 13, 2013) (declining to exercise supplemental jurisdiction over state law claims after the court dismissed federal claims alleging violations of SCRA for failure to state a claim); *Davis v. U.S. Bank Nat. Ass'n,* No. 12-5943, 2013 WL 271887, at *2 (E.D. Penn. Jan. 24, 2013) (declining to exercise supplemental jurisdiction over state trespass claim after dismissing federal claim under § 533 of SCRA for failure to state a claim). As the Seventh Circuit teaches, "When a district court

---

[2] The allegations in Plaintiff's Complaint indicate that the parties may have complete diversity, though she has not asserted jurisdiction on diversity grounds. (Compl. ¶¶ 11-12.) Moreover, Plaintiff has not pled an amount-in-controversy greater than $75,000 on the face of the Complaint to support federal court jurisdiction under 28 U.S.C. §1332.

correctly dismisses all federal claims before trial, the court ordinarily should relinquish jurisdiction over any supplemental claims." *Porter v. Suliene*, 391 Fed. Appx. 565 (7th Cir. 2010) (citing *Doe-2 v. McLean County Unit Dist. No. 5 Bd. of Dirs.*, 593 F.3d 507, 513 (7th Cir. 2010); *Hansen v. Bd. of Trs. of Hamilton Se. Sch. Corp.*, 551 F.3d 599, 607 (7th Cir. 2008)); *see also RWJ Mgmt. Co., Inc. v. BP Prods. N. Am., Inc.*, 672 F.3d 476, 479-80 (7th Cir. 2012) (discussing the presumption in favor of relinquishing supplemental jurisdiction when no federal claims remain); *Leister v. Dovetail, Inc.,* 546 F.3d 875, 882 (7th Cir. 2008) ("When the federal claim in a case drops out before trial, the presumption is that the district judge will relinquish jurisdiction over any supplemental claim to the state courts."). Accordingly, the Court dismisses Count II.

## CONCLUSION

For the foregoing reasons, the Court dismisses Count I and II of the Complaint without prejudice. Plaintiff may file an amended complaint on or before April 8, 2013.

**Dated: March 18, 2018**

                                                ENTERED

                                                */s/ Amy J. St. Eve*
                                                **AMY J. ST. EVE**
                                                **United States District Judge**